UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 11-09-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS D. TURNER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 73] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Douglas Turner, is charged with two violations of his supervised release, including using or possessing a controlled substance and committing another federal crime – that of unauthorized use or possession of hydrocodone. [R. 72; R. 73 at 2.] These violations are the second time that Turner has violated supervised release conditions. On March 6, 2013, the United States Probation Office (USPO) issued a Supervised Release Violation Report charging Turner with violating the conditions that he not use unauthorized controlled substances and committing further criminal conduct. [R. 60 at 1-2.] Turner stipulated to the violations, and in May 2013 the Court adopted the Magistrate Judge's Recommended Disposition that Turner's supervised release be revoked for a term of three months followed by a re-imposed term of supervised release. [*See* R. 62; R. 63.] At the time of the instant violation, Turner was serving that re-imposed term of supervised release.

Concerning the instant offense, Judge Ingram conducted a final hearing on October 6,

2014, and Defendant Turner competently stipulated to the charged violations. [R. 73 at 3.] On October 23, 2014, Judge Ingram issued a Recommended Disposition which recommended that Turner's term of supervised release be revoked again and that he be imprisoned for a term of ten (10) months with no supervised release to follow. [*Id*. at 8.] Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, but noted in particular that Congress mandates by statute revocation in a case of this nature because Turner possessed a controlled substance. [R. 73 at 4-8.] *See* 18 U.S.C. § 3583(g)(1). Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [R. 73 at 8.] *See* 28 U.S.C. § 636(b)(1). As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 73**] as to Defendant Douglas Turner is

**ADOPTED** as and for the Opinion of the Court;

2. Defendant Douglas Turner is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Turner's Supervised Release is **REVOKED**;

4. Turner is **SENTENCED** to the Custody of the Bureau of Prisons for a term of ten (10) months with no term of supervised release to follow; and

5. Judgment shall be entered promptly.

This the 18th day of November, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge